IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ERNESTO SAENZ,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | EP-17-CV-357-DCG |
| EIGHTH COURT OF APPEALS<br>OF TEXAS,<br>Respondent. | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Ernesto Saenz asks the Court to intervene in ongoing state criminal proceedings through a petition for a writ of habeas corpus under 28 U.S.C § 2241. For the reasons outlined below, the Court will deny the petition and dismiss the civil cause with prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

On March 21, 2010, just before midnight, El Paso Police Officers Eduardo Chavez and Albert Jesus Gandara, Jr., pulled over Saenz for a traffic stop after Saenz's vehicle drifted into their traffic lane. Chavez smelled the odor of alcohol on Saenz's breath and noticed Saenz's eyes were a little bit glazed. Gandara questioned Saenz, who admitted he had an open bottle of whiskey in his vehicle and had earlier consumed four drinks at a bar. Gandara placed Saenz under arrest for driving while intoxicated based on his observations and Saenz's performance on the field sobriety tests. Gandara then asked Saenz for a breath specimen and read the statutory warnings concerning intoxilyzer testing from a form known as the DIC–24, which advised Saenz that he could refuse to participate in the test. Gandara later acknowledged he improperly deviated from the language on the DIC–24 form by mentioning the word prosecution and discussing the probable collateral consequences of refusing or giving a breath sample.

-1-

Saenz submitted two breath samples on an intoxilyzer machine. The two samples—taken approximately one and one-half hours after Saenz was stopped—showed Saenz's breath-alcohol level was 0.084 grams of alcohol per 210 liters of breath and 0.079 grams of alcohol per 210 liters of breath, respectively.

The State charged Saenz with misdemeanor driving while intoxicated.[1] Saenz filed two pretrial motions to suppress the breath tests. Saenz claimed, among other things, that his consent to the tests was involuntary because Gandara gave him improper statutory warnings. The trial court held an evidentiary hearing on Saenz's motions. The State called Gandara as a witness. Following the close of evidence, defense counsel argued, based on *Erdman v. State*, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993), that the results of the breathalyzer test should be suppressed because the extra-statutory warnings resulted in psychological pressure on Saenz amounting to coercion. The prosecutor countered that *Erdman* was distinguishable because, unlike *Erdman*, the consequences of Saenz's refusal to take the tests were not in issue.

The trial court relied on *Erdman*—which was good law at the time of the hearing—and concluded, based on the totality of the circumstances, that Gandara coerced Saenz's decision to submit to the test. The trial court accordingly granted the motions to suppress Saenz's test results.

The Eighth Court of Appeals of Texas reversed the trial court's order granting Saenz's motion to suppress and remand the case for trial.[2] The Eighth Court explained the Texas Court of Criminal Appeals had recently rejected what it described as *Erdman's* flawed reasoning:

> Until overruled by *Fienen v. State*, 390 S.W.3d 328 (Tex. Crim. App. 2012), *Erdman* stood for the proposition that, in the absence of

---

[1] Tex. Penal Code Ann. § 49.04 (West Supp. 2013).

[2] *Saenz v. State*, No. 08-12-00344-CR, 2014 WL 4251011, at *8 (Tex. App. Aug. 26, 2014).

any other evidence and circumstances showing a suspect's consent to taking a breath test was voluntary, warnings encompassing additional, non-statutory consequences of refusal were inherently and necessary coercive. *Erdman*, 861 S.W.2d at 893–94. Deciding that this legal principle was the product of confused and flawed reasoning, the *Fienen* court rejected its use in determining whether consent was rendered voluntarily. *Fienen*, 390 S.W.3d at 334–35. The court explained the State satisfies its burden to prove voluntary consent by clear and convincing evidence if the totality of the circumstances demonstrates the defendant's consent did not result from physical or psychological pressures applied by law enforcement. *Id.* at 335. Accordingly, "no one statement or action should automatically amount to coercion such that consent is involuntary—it must be considered in the totality." *Id.* at 333.[3]

Rather than remand Saenz's case to the trial court to re-examine its original suppression ruling in light of the *Fienen* decision, the Eighth Court proceeded to conduct its own fact-finding assessment of the suppression issues under *Fienen*. The Eighth Court concluded "[e]ven when viewed in the light most favorable to the trial court's ruling, the totality of the circumstances here demonstrate Saenz voluntarily consented to provide a breath specimen."[4]

Saenz filed a motion for leave to file a petition for a writ of mandamus in the Texas Court of Criminal Appeals.[5] In his attached petition, he argued the Eighth Court abused its discretion by reversing the trial court's suppression ruling based on a change in the law without giving the trial court the opportunity to re-examine its suppression ruling. He further argued the Eighth Court's finding that Saenz consented to the intoxilyzer test was void since the Eighth Court did not have subject-matter jurisdiction necessary to make findings of fact. The Court of Criminal Appeals

---

[3] *Id.* at *3.

[4] *Id.* at *5.

[5] Pet'r's Mot., *Ex parte Saenz*, WR-87-159-01 (Tex. Crim. App. filed July 24, 2017).

denied the motion without written order.[6]

In his § 2241 petition, Saenz challenges the ruling by the Eighth Court. Saenz claims the Eighth Court deprived him of due process under the Fourteenth Amendment by reversing the trial court's suppression ruling based on a change in the law without giving the trial court the opportunity to re-examine its suppression ruling based on this change in the law.[7] He also argues the Eighth Court's finding that he consented to the intoxilyzer tests was void because the Eighth Court did not have the subject-matter jurisdiction to make findings of fact on the suppression issues presented.[8] He asks the Court to order the Eighth Court to revise its order and allow the trial court to decide whether to grant suppression relief based on the change in the law.[9]

## APPLICABLE LAW

The writ of habeas corpus "protect[s] . . . individuals against erosion of their right to be free from wrongful restraints upon their liberty."[10] A person may obtain habeas relief under § 2241 when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."[11] Section 2241 applies to a person in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.[12] A court may *sua*

---

[6] Action Taken, *Ex parte Saenz*, WR-87-159-01 (Tex. Crim. App. entered Aug. 15, 2017).

[7] Pet'r's Pet. at 6-9, ECF No. 1. *See Saenz v. State*, 2014 WL 4251011.

[8] Pet'r's Pet. at 9-10.

[9] *Id.* at 10-11.

[10] *Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

[11] 28 U.S.C. § 2241(c)(3) (2012).

[12] *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). *See also Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011); *Holley v. Texas*, 194 F.3d 1309 (5th Cir.1999).

*sponte* dismiss a petition when "it appears from the application that the applicant or person detained is not entitled thereto."[13] However, "[d]ismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified."[14] "This rule against no-notice *sua sponte* dismissal is subject to two exceptions: if the dismissal is without prejudice, or if the plaintiff has alleged his best case."[15]

## ANALYSIS

Saenz complains "of a pretrial ruling" by the Eighth Court and notes he "has not yet been convicted of the DWI offense with which he has been charged."[16] Saenz asserts he "is restrained by an opinion and judgment of the Eighth Court."[17]

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court must not interfere with a pending state criminal prosecution either by injunction or declaratory judgment in the absence of extraordinary circumstances showing a threat of irreparable injury which is both great and immediate.[18] The *Younger* doctrine requires a federal court to decline to exercise jurisdiction over state criminal defendants' claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an

---

[13] 28 U.S.C. § 2243.

[14] *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

[15] *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

[16] Pet'r's Pet. 4.

[17] Pet'r's Pet. 1.

[18] *Younger*, 401 U.S. at 53.

important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges."[19] A "[p]etitioner must satisfy the *Younger* abstention hurdles before [a court] may give habeas relief."[20]

In this case, Saenz awaits his trial on the driving while intoxicated charge. "The state has a strong interest in enforcing its criminal laws."[21] If convicted, Saenz will have the opportunity to appeal the trial court's decision. Thus, Saenz may still raise and resolve his constitutional challenges in his state proceedings. If this Court grants Saenz any relief it will interfere with the state courts' ability to conduct their proceedings and resolve this matter. The Court should accordingly decline to exercise jurisdiction.

Moreover, in *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court explained "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[22] The Fifth Circuit Court of Appeals has interpreted an "opportunity for full and fair litigation" to mean just that, "an opportunity."[23] "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars

---

[19] *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir.2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal citations omitted).

[20] *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir.1977).

[21] *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (1984).

[22] *Stone*, 428 U.S. at 482.

[23] *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir.1978); *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir.2002).

federal habeas corpus consideration of that claim whether or not the defendant employs those processes."[24]

Saenz fully litigated his claims relating to his intoxilyzer tests in the state courts. His defense counsel brought a motion to suppress, and the trial court held a hearing on the motion. The trial court granted the motion, but the Eight Court reversed the decision. Saenz challenged the Eighth Courts' decision by filing a motion for leave to submit a petition for a writ of mandamus, but the Court of Criminal Appeals denied the motion without written order. Saenz had an opportunity to fully and fairly litigate his claims related to his intoxilyzer tests. They cannot be heard in this federal habeas petition.

Furthermore, the Supreme Court held in *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), "that the Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving."[25] The Supreme Court reasoned "[t]he impact of breath tests on privacy is slight, and the need for BAC testing is great."[26]

Finally, the petitioner must be "in custody" at the time he files his petition for a court to exercise habeas jurisdiction under § 2241.[27] "Usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty."[28]

Although Saenz is apparently awaiting trial, he fails to identify any restrictions on his

---

[24] *Caver*, 577 F.2d at 1192.

[25] *Birchfield*, 136 S. Ct. at 2184.

[26] *Id.*

[27] *Pack v. Yusuff*, 218 F.3d 448, 454 n. 5 (5th Cir. 2000).

[28] *Id.*

liberty. The Court, therefore, finds he is currently not in custody within the meaning of the federal habeas corpus statute. Thus, the Court does not have subject-matter jurisdiction to address his claims.

## CONCLUSIONS AND ORDERS

It appears from Saenz's petition that he has alleged his best case and he is not entitled to § 2241 relief. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Ernesto Saenz's petition for a writ of habeas corpus under 28 U.S.C § 2241 is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS ALSO ORDERED** that all pending motions are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED** this 31st day of January, 2018.

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**